# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**Matrix Architects Incorporated,**

    **Plaintiff,**

**v.**                  **Case No.  3:05-cv-173**
                    **Judge Thomas M. Rose**

**Community Health Professionals, Inc., and
Beilharz Architects, Inc.,**

    **Defendants.**

---

### ENTRY AND ORDER GRANTING MOTION TO CONSOLIDATE, (DOC. 4), AND TRANSFERRING CASE.

---

    This matter is before the Court for decision on Defendants' Motion to Consolidate.  Doc. 4. Defendants request that the Court consolidate the instant case with *Community Health Professionals v. Matrix Architects, Inc.*, No. 3:05-cv-7202 (N.D. Ohio)(Oliver, J.).   Because the cases involve common questions of fact, the Court will grant the motion to consolidate.

    In the instant case Matrix asserts that its copyright has been violated.  In the Northern District of Ohio case, Community Health Professionals seek a declaration that they are not violating a copyright held by Matrix Architects.

    Consolidation is governed by Federal Rule of Civil Procedure 42(a):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court, and the court's decision is reviewed for abuse of discretion.  *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965).

A trial court making a decision to consolidate must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting, in turn, *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982))).  The decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above.  *Id.*  Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage.  *Id.*

In the instant cases, the factual issues are identical.  The risk of inconsistent adjudications of common factual issues, the burden on the parties, witnesses and available judicial resources outweigh any prejudice or confusion that could flow from a decision to consolidate.  Because the relevant factors point overwhelmingly in favor of transfer, the Defendants' Motion to Consolidate, Doc. 4, is **GRANTED**.  The instant case is hereby **ORDERED** transferred to the Northern District of Ohio.  It is **FURTHER ORDERED** that the Clerk of Court shall transfer all papers in this proceeding, together with a certified copy of this Order, to the United States District Court for the Northern District of Ohio; and it is **FURTHER ORDERED** that the Clerk of Court shall remove this case from the docket of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, October 28, 2005.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE